UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

INGA L. PARSONS,
    3 Bessom Street, No. 234
    Marblehead MA 09145,

  and

STEPHEN C. LECKAR,
    6516 Lakeview Drive,
    Falls Church, Virginia 22041,

                      Plaintiffs,

    *v.*

FEDERAL ELECTION COMMISSION,
    999 E Street, N.W.
    Washington D.C. 20463,

                      Defendant.

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

    1.    This is an action challenging 2 U.S.C. § 441c ("section 441c") to the extent that it bars individuals who have government contracts from making any contribution to any candidate, political committee, or political party in connection with an election for federal office, as a violation of the Equal Protection component of the Fifth Amendment and of the First Amendment to the United States Constitution.

    2.    Section 441c(a) applies to any person who has a contract with the United States or any agency or department thereof, including a contract for personal services, that is paid from congressionally appropriated funds. All such persons are prohibited from making any contribution "to any political party, committee, or candidate for public office or to any person for any political purpose or use." Read literally, these prohibitions might apply to contributions to state, local, and federal elections, but the defendant Federal Election Commission ("FEC"), the federal agency responsible for

enforcing section 441c, has construed it to apply only to federal elections. 11 C.F.R. § 115.2(a). A violation of section 441c is a felony and, depending on the amount of the unlawful contribution, can result in the imposition of a sentence of up to five years in prison, or a fine of $ 5000, or both. 2 U.S.C. § 437g(d)(1)(A).

## JURISDICTION

3. Congress enacted the predecessor of 2 U.S.C. § 441c in 1940, and it was codified (with minor modifications) as 2 U.S.C. § 611 of the Federal Election Campaign Act of 1972 ("FECA"). It was subsequently amended in 1974 by the addition of subsections (b) and (c), at which time the three subsections were re-designated as section 441c.

4. Because this is a constitutional challenge to section 441c, a provision of FECA, this Court has jurisdiction over the case under 2 U.S.C. § 437h, but only to certify necessary findings of fact and the constitutional issues in the case to the United States Court of Appeals for the District of Columbia Circuit to be heard by that Court en banc.

## PLAINTIFFS

5. Plaintiff Inga L. Parsons is lawyer with a specialty in Federal Criminal Law. She is a panel attorney under the Criminal Justice Act, 18 U.S.C. § 3006A ("CJA"), for the federal trial and habeas panels in the District of Massachusetts and the appellate panel for the First Circuit Court of Appeals. She was appointed to those panels by the judges of the District Court and Court of Appeals, respectively. As a panel attorney, she currently has, and will continue to have, contracts with the United States Government, for which she is paid by funds appropriated by Congress, for the services that she renders as a CJA attorney. She is a registered voter in Massachusetts and is

eligible to vote for President in 2016. She has contributed to state and local candidates including candidates for governor in Massachusetts and for a D.C. Council position in Washington DC, and she wishes to contribute to federal candidate campaigns in the 2016 election. She would make such contributions, except that, as a federal contractor, she is prohibited from making contributions in connection with federal elections, and she is unwilling to make any such contribution absent a court order authorizing her to do so.

6. Plaintiff Stephen C. Leckar is a resident of Virginia and is eligible to vote for President in 2016. He is licensed to practice in the District of Columbia, Illinois, Georgia, four federal district courts, the Court of Federal Claims, two federal circuit courts of appeals, and the United States Supreme Court. He is a CJA panel attorney for the federal appellate panel in the District of Columbia, on which he has served for twenty years, during which time he has handled one or two CJA cases per year. He is also on the CJA panel for the Fourth Circuit and currently has one case there. His appointments to his CJA panels are made by the judges of the court for which the panel provides CJA attorneys. As a CJA panel attorney, he is a contractor with the United States Government, and is paid for his services from funds appropriated by Congress.

7. Plaintiff Leckar has made financial contributions to federal candidates and political committees in recent years, and he wishes to continue to make contributions to federal candidates and committees, including candidates in the 2016 presidential and congressional elections. Until recently, he was not aware that section 441c prohibits all federal contractors from making any contributions to federal candidates or committees. If that statute were constitutional, it would prevent him from assisting candidates in the same way, and subject to the same limits, as other American citizens. He wishes to

continue to make financial contributions to federal candidates and committees without taking an action that section 441c purports to prohibit.  He would do so in connection with the 2016 election but for section 441c.

## FACTS

8.      The ban in section 441c(a) on contributions by individuals who have contracts with the government does not apply to other persons similarly situated, as set forth below in paragraphs 9-11.

9.      Officers and employees of the federal government are generally permitted to make contributions in connection with elections for federal offices unless "the person receiving such contribution is the employer or employing authority of the person making the contribution." 18 U.S.C. § 603.  Those officers and employees include attorneys who prosecute cases for the United States and who are litigation adversaries of plaintiffs Parsons and Leckar, as well as attorneys at Federal Defender offices who, like plaintiffs Parsons and Leckar, defend indigent criminal defendants in the federal courts.

10.     Section 441c(a) applies to corporations as well as to individuals who have government contracts.  However, with limited exceptions not applicable here, subsection (b) allows "the establishment or administration of, or the solicitation of contributions to, any separate segregated fund by any corporation, labor organization, membership organization, cooperative, or corporation without capital stock for the purpose of influencing the nomination for election, or election, of any person to Federal office." Thus, corporations, but not individuals, may establish and pay for the administration of separately segregated funds, which are a subset of entities known as political committees that are permitted to make contributions that individual contractors such as plaintiffs may

not make.  Such corporate political funds must bear the name of the corporate contractor and may be managed by corporate officers, including those who may have negotiated a contract for their corporation with an agency of the United States and/or have responsibilities for providing the goods or services specified in such contract.

      11.     In 11 C.F.R. § 115.6, the FEC has interpreted section 441c not to apply to contributions by officers, employees, and/or stockholders of a corporation that has a government contract.  As a result, the president of a corporation with a multibillion-dollar defense contract may make contributions in connection with federal elections that plaintiffs are barred from making by section 441c.  Moreover, even the president and sole stockholder of a corporation that bears the name of the president and provides personal services to a federal agency similar to those provided by plaintiffs, is permitted to make contributions in connection with federal elections that plaintiffs are barred from making.  Furthermore, those contributions can be made using money that was earned by the corporation from a government contract and paid as salary and/or dividends to the corporate officer, employee, and/or stockholder making the contribution.  By contrast, plaintiffs Parsons and Leckar cannot make contributions even from money that was obtained from non-federal sources.

      12.     Under the Constitution and laws of the United States, the only federal officers that are elected are the President and Vice President, Members of the House of Representatives, United States Senators, and Delegates or Resident Commissioners to the Congress.  The contracts held by plaintiffs that subject them to section 441c were not negotiated or signed by, or are being implemented by, any person who is an elected federal officer.

**FIRST CAUSE OF ACTION – VIOLATION OF EQUAL PROTECTION**

13. The Fifth Amendment prohibits the federal government from depriving any person of life, liberty, and property without due process of law. The Supreme Court of the United States has interpreted the Fifth Amendment to include the guarantee of Equal Protection explicitly contained in the Fourteenth Amendment.

14. Because plaintiffs are not treated equally with individuals and corporations who are similarly situated with respect to their right to make contributions in connection with federal elections, the ban on contributions in section 441c as applied to individuals such as plaintiffs violates the Equal Protection guarantee of the Fifth Amendment.

**SECOND CAUSE OF ACTION – FIRST AMENDMENT VIOLATION**

15. Because section 441c completely prohibits individuals with government contracts from making any contributions to candidates, political committees, and political parties in connection with elections for federal offices, it is unconstitutional under the First Amendment unless there is a compelling governmental interest in the ban and the ban is narrowly tailored to support that interest. Because individuals, like plaintiffs, who are government contractors are subject to the same limitations on contributions as are all other individuals, the government must show why the general limitations are not adequate to protect the government's interest in limiting contributions. There is, however, no reason that supports the ban that is applicable only to individuals such as plaintiffs who have contracts with the federal government, but not to all other U.S. citizens.

16. Even if there were some justification for banning contributions by some

individuals with some government contracts, on the theory that individuals seeking government contracts should not be allowed to make contributions to government officials who have the authority to enter into such contracts with them, the total ban applicable to plaintiffs is not narrowly tailored because it bans contributions to candidates who have no connection with the CJA contracts that plaintiffs have with the federal courts.  As set forth in paragraph 12 above, the persons who are authorized to contract with plaintiffs were not candidates for election to federal office, nor were the persons who negotiated with plaintiffs, signed plaintiffs' contracts, and/or are responsible for plaintiffs' performance under their contracts elected federal officers at the time that such contracts were negotiated and signed and/or during the time that plaintiffs are performing such contracts.  Moreover, plaintiffs are also barred from making contributions to political committees and political parties, but those entities have no authority to contract on behalf of any department or agency of the United States, including the federal courts with which plaintiffs have contracts.

  17. Because the ban on contributions in section 441c, as applied to plaintiffs and other individuals who have contracts with the federal government, is not supported by any legitimate interest, let alone a compelling one, and because the ban is not narrowly tailored to support whatever interest might support a ban, the ban violates the First Amendment rights of plaintiffs by forbidding them from making contributions in connection with federal elections and subjecting them to criminal punishment for violating this prohibition.

  **WHEREFORE**, plaintiffs pray that this Court immediately certify the facts as to the claims in this complaint to the United States Court of Appeals for the District of

Columbia Circuit, and certify the constitutional issues to that Court for decision, as provided in 2 U.S.C. § 437h;

Plaintiffs further pray that the Court of Appeals:

A.Declare that 2 U.S.C. § 441c as applied to plaintiffs violates the Fifth and First Amendments to the Constitution;

B.Enjoin defendant Federal Election Commission from enforcing 2 U.S.C. § 441c against plaintiffs; and

C.Remand the case to the District Court to award plaintiffs their costs and attorneys fees for this action, together with such other and further relief to which they may be entitled.

Respectfully submitted,

/s/ *Alan B. Morrison*
_____
Alan B. Morrison
D. C. Bar No. 073114
George Washington Law School
2000 H Street NW
Washington D.C. 20052
(202) 994 7120
abmorrison@law.gwu.edu

/s/ *Arthur B. Spitzer*
_____
Arthur B. Spitzer
D.C. Bar No. 235960
American Civil Liberties Union of
the Nation's Capital
4301 Connecticut Ave NW Suite 434
Washington, D.C. 20008
(202) 457 0800
artspitzer@aclu-nca.org

Dated:  July 24, 2014