# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INGA L. PARSONS, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | Civ. No. 14-1265 (JEB) |
| ) | |
| v. ) | UNOPPOSED |
| ) | MOTION TO DISMISS |
| FEDERAL ELECTION COMMISSION, ) | |
| ) | |
| Defendant. ) | |

## UNOPPOSED MOTION TO DISMISS

Pursuant to Federal Rule of Civil Procedure 12(b)(1), the Federal Election Commission moves to dismiss this case because plaintiffs lack standing, for the reasons stated in the accompanying Statement of Points and Authorities.  A Proposed Order is attached.  Plaintiffs have indicated that they do not oppose this motion.

                                                Respectfully submitted,

                                                Lisa J. Stevenson (D.C. Bar No. 457628)
                                                Deputy General Counsel — Law
                                                lstevenson@fec.gov

                                                Kevin Deeley
                                                Acting Associate General Counsel
                                                kdeeley@fec.gov

                                                Harry J. Summers
                                                Assistant General Counsel
                                                hsummers@fec.gov

                                                Holly J. Baker
                                                Attorney
                                                hbaker@fec.gov

                                                /s/ Seth Nesin
                                                Seth Nesin

|  |  |
|---|---|
|  | Attorney<br>snesin@fec.gov<br><br>COUNSEL FOR DEFENDANT<br>FEDERAL ELECTION COMMISSION<br>999 E Street, NW<br>Washington, DC  20463<br>Telephone:  (202) 694-1650 |
| September 23, 2014 | Fax:  (202) 219-0260 |

September 23, 2014

Attorney
snesin@fec.gov

COUNSEL FOR DEFENDANT
FEDERAL ELECTION COMMISSION
999 E Street, NW
Washington, DC  20463
Telephone:  (202) 694-1650
Fax:  (202) 219-0260

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INGA L. PARSONS, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | Civ. No. 14-1265 (JEB) |
| ) | |
| v. ) | STATEMENT OF POINTS |
| ) | AND AUTHORITIES |
| FEDERAL ELECTION COMMISSION, ) | |
| ) | |
| Defendant. ) | |

**STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT FEDERAL ELECTION COMMISSION'S
UNOPPOSED MOTION TO DISMISS**

Pursuant to Federal Rule of Civil Procedure 12(b)(1), the Federal Election Commission ("Commission" or "FEC") moves to dismiss this case because plaintiffs lack standing. The Commission interprets the contractor contribution ban challenged here as not applying to the relationships with the government that attorneys like plaintiffs have under the Criminal Justice Act, 18 U.S.C. § 3006A ("CJA"). As a result, plaintiffs have suffered no cognizable injury and face no threat of injury, so they lack standing. (*See* Mem. Op. and Order denying Motion for Certification at 3-4 (Aug. 21, 2014) (Docket No. 15) (plaintiffs may lack standing if the contractor contribution ban does not apply to them).) Plaintiffs have indicated that they do not oppose this motion.[1]

---

[1] Although plaintiffs agree that this case can be dismissed, the parties did not file a joint stipulation of dismissal because plaintiffs preferred to have the FEC move to dismiss. In response to the Commission's proposed joint stipulation that contained statements of law, counsel for the plaintiffs explained that "[t]he statements in the draft are statements of the FEC, and we have decided not to do additional research to challenge or confirm them in light of the fact that the FEC agrees that our clients will not violate the law if they make contributions while serving as CJA lawyers."

Plaintiffs bear the burden of establishing the elements that make up the "irreducible constitutional minimum" of constitutional standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). They must show: (1) an injury in fact, (2) a causal connection between the injury and the challenged action of the defendant, and (3) a likelihood that the injury will be redressed by a favorable decision of the court. *Id*. at 560-61. The injury-in-fact must be an invasion of a legally protected interest that is "concrete and particularized" as well as "actual or imminent," not "conjectural" or "hypothetical." *Id.* at 560 (internal quotation marks and citation omitted). Plaintiffs claiming that a law is infringing their First Amendment rights must have an "actual and well-founded fear that the law will be enforced against them." *Virginia v. Am. Booksellers Ass'n, Inc.*, 484 U.S. 383, 393 (1988). Without a "credible threat" of enforcement, no injury exists. *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979).

The plaintiffs in this case are attorneys who receive appointments from federal courts under the CJA, 18 U.S.C. § 3006A, to represent defendants who are unable to afford adequate representation. Plaintiffs have challenged 52 U.S.C. § 30119 (formerly 2 U.S.C. § 441c),[2] which prohibits "any person . . . who enters into any contract with the United States . . . for the rendition of personal services . . . to the United States" from making a campaign contribution, "if payment for the performance of such contract . . . is to be made in whole or in part from funds appropriated by the Congress." Plaintiffs have alleged in their complaint that they are government contractors prohibited from making campaign contributions. (Complaint for Declaratory and Injunctive Relief ("Compl.") ¶¶ 5-7 (Docket No. 1).) They have contended that

---

[2]   On September 1, 2014, the Federal Election Campaign Act was transferred from Title 2 of the United States Code to new Title 52 of the United States Code. *See* United States Code Editorial Reclassification Table, http://uscode.house.gov/editorialreclassification/t52/Reclassifications_Title_52.pdf.

2

this ban on contributions violates their constitutional rights under both the equal protection guarantee of the Fifth Amendment as well as the First Amendment.  (Compl. ¶¶ 14, 17.)

The defendant in this case is the FEC, the independent agency of the United States with exclusive jurisdiction over the administration, interpretation, and civil enforcement of the Federal Election Campaign Act, 52 U.S.C. §§ 30101-46 ("FECA") (formerly 2 U.S.C. §§ 431-57).  For the reasons stated below, the Commission interprets the contractor contribution ban as not applying to CJA attorneys.

The FEC has twice determined that an individual does not enter into a contract for purposes of 52 U.S.C. § 30119 (formerly 2 U.S.C. § 441c) when the individual's appointment and compensation for the provision of services are specifically established by federal statutes and regulations.  *See* FEC Advisory Opinion 1987-33 ("Lawyers For Better Government Fund I"), http://saos.fec.gov/aodocs/1987-33.pdf; FEC Advisory Opinion 1988-49 ("Lawyers For Better Government Fund II"), http://saos.fec.gov/aodocs/1988-49.pdf.

In the first instance, the Commission determined that appointees to a Department of Labor advisory council were not contractors because of the comprehensive statutory scheme that regulated their appointments and performance of duties:  The Secretary of Labor appointed and supervised the council members pursuant to statute, the members offered advice pursuant to statute, and they were paid at a rate prescribed by statute.  Lawyers For Better Government Fund I at 2.  ("Council members do not negotiate a contract (written or otherwise) regulating the terms of their employment, but instead are subject to the terms of their appointment which, along with the amount of their compensation, is governed by Federal statute.").  The Commission did indicate that the appointees could be characterized as government employees, but the analysis remains instructive as to the scope of section 30119 (formerly section 441c).

In the second advisory opinion, the Commission concluded that an individual appointed to serve on a panel of private bankruptcy trustees was not a contractor where federal statutes and regulations governed the establishment of the panels, the appointment of individuals to serve on them, the authority to remove appointees from service, the length of a panel member's term, the authority to determine the size of the panels, and the composition and qualifications for membership, the application process, and compensation.  Lawyers For Better Government Fund II at 2 ("It appears that a member of the panel does not contract for a position but is appointed by the United States Trustee.  The terms of the member's tenure and compensation [are] not regulated by a contract, but, instead, by Federal statutes and regulations.")

The relationship that CJA panelists have with the federal government resembles the relationships analyzed in those two earlier advisory opinions.  The CJA is a detailed legislative scheme that governs each panelist's relationship with the federal government:  The CJA governs how the attorneys are appointed (*e.g.*, generally "from a panel of attorneys designated or approved by the court"), the scope of the panelists' appointments (*e.g.*, "at every stage of the proceedings . . . including ancillary matters"), and their termination or substitution.  *See* 18 U.S.C. § 3006A(b)-(c).  The CJA also establishes the specific hourly pay rates, with maximum amounts per case, to which CJA attorneys are entitled, and it identifies when and how reimbursements may be made.  *Id.* § 3006A(d); *see also Guide to Judiciary Policy, Vol. 7A,* § 230, http://www.uscourts.gov/uscourts/FederalCourts/AppointmentOfCounsel/vol7/Vol07A-Ch02.pdf. (providing detailed matrix of maximum compensation amounts).  Thus, for the same reasons that the Commission found the requestors in the Better Government advisory opinions not to hold contracts with the United States, the Commission interprets 52 U.S.C. § 30119 (formerly 2 U.S.C. § 441c) as inapplicable to CJA appointments.

4

In addition, two cases have determined that CJA attorneys do not have a contract with the government. In *Shearin v. United States*, a CJA attorney who had represented four criminal appellants sued the United States for breach of contract after she did not receive full payment (due to late and incomplete vouchers for payment that she submitted). 26 Cl. Ct. 678, 679 (1992), *aff'd*, 992 F.2d 1195 (Fed. Cir. 1993). The court found that she had only a statutory right, not a contractual one, and therefore she could not pursue a breach of contract claim. *Id.* ("By appointing counsel, the district court or court of appeals is not contracting for services. It is merely exercising its role under the statute. The circumstances alleged here therefore could not lead to the formation of a contract."); *see also Marcum LLP v. United States*, 112 Fed. Cl. 167, 177 (2013) ("CJA compensation claims are not takings nor breach of contract claims. Rather, they are statutory claims derived under the CJA."), *aff'd*, 753 F.3d 1380 (Fed. Cir. 2014).

For these reasons, the Commission interprets the contractor contribution ban at 52 U.S.C. § 30119 (formerly 2 U.S.C. § 441c) as not applying to CJA attorneys like the plaintiffs. Because the FEC is the agency responsible for interpreting and enforcing FECA, including the contractor contribution ban, there exists no credible threat of enforcement against plaintiffs. Therefore, plaintiffs lack the injury-in-fact needed to support standing in this constitutional challenge. The case should be dismissed.

    Respectfully submitted,

    Lisa J. Stevenson (D.C. Bar No. 457628)
    Deputy General Counsel — Law
    lstevenson@fec.gov

    Kevin Deeley
    Acting Associate General Counsel
    kdeeley@fec.gov

    Harry J. Summers
    Assistant General Counsel

                              hsummers@fec.gov

                              Holly J. Baker
                              Attorney
                              hbaker@fec.gov

                              <u>/s/ Seth Nesin</u>
                              Seth Nesin
                              Attorney
                              snesin@fec.gov

                              COUNSEL FOR DEFENDANT
                              FEDERAL ELECTION COMMISSION
                              999 E Street, NW
                              Washington, DC  20463
                              Telephone:  (202) 694-1650
September 23, 2014             Fax:  (202) 219-0260